IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

FERNANDO ROMERO-RODRIGUEZ,

        Defendant.
_____/

CIV. NO. S-09-02266 EJG
CR. NO. S-08-0109 EJG

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

    Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion, and the applicable law, the court has determined it may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments. Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons that follow, the motion is DENIED.

///

///

1

## Background

On December 8, 2008, defendant was convicted pursuant to his plea of guilty of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a), and was sentenced to a term of 51 months imprisonment. He did not file a notice of appeal. On August 14, 2009, defendant filed the instant motion to vacate, set aside or correct his sentence, alleging claims of ineffective assistance of counsel. A briefing schedule was established. The government filed its response November 23, 2009, which was served by mail on defendant. Defendant, although given 30 days in which to file a reply brief, has not done so. Through administrative oversight, the case has remained under submission since January of 2010.

## Discussion

In his motion, defendant raises three claims of ineffective assistance of counsel: 1) failure to file a notice of appeal; 2) failure to explain withdrawal of plea offer; and 3) failure to communicate with defendant by telephone. Through the "clarity of hindsight" it appears that the heart of defendant's motion is his remorse for failing to accept an earlier plea offer for less incarceration time.

To prevail on a claim of ineffective assistance of counsel, defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that, but for these deficiencies, the outcome would have been different. See

generally, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Defense counsel is presumed to have acted reasonably and to have provided constitutionally adequate assistance. Id. 104 S.Ct. at 2065. Moreover, second guessing of counsel's tactical decisions after conviction cannot form a basis for a claim of ineffective assistance. See Strickland, 104 S.Ct. 2065 (counsel's performance must be evaluated without the "distorting effects of hindsight").

A. *Notice of Appeal*

The first claim in defendant's motion states that he "never had the opportunity to ask for an appeal". Motion to Vacate, p. 5. Defendant's unsupported assertion is contradicted by both his attorney's declaration and the transcript of the plea/sentencing proceedings. Counsel states that defendant did not express an interest in taking an appeal at any time during the four month period of representation, despite having those rights explained to him on several occasions. Declaration of Gilbert Roque, ¶¶ 10, 11, 15 (Government's Opposition, Exhibit 3). Following imposition of sentence, the court informed defendant of his appeal rights, including the right to appointment of counsel and waiver of fee. Defendant, who was assisted by an interpreter, stated that he understood his appeal rights. Transcript of Proceedings, 24:5-13 (Government's Opposition, Exhibit 1).

Under the factual scenario present here, where there is no evidence that defendant either asked counsel to take an appeal,

3

or instructed counsel not to appeal, the first question is whether counsel consulted with defendant about an appeal. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 120 S.Ct. 1029 (2000). If so, counsel's performance is deficient only if he fails to follow the defendant's express instructions. <u>Id.</u> at 478, 120 S.Ct. at 1035. Since the uncontroverted evidence shows that counsel consulted with defendant throughout the period of representation, there is no need to address the related question of whether the factual circumstances in this case imposed a constitutional duty to consult. See <u>id</u>. at 480, 120 S.Ct. at 1036. Moreover, defendant has failed to show prejudice. "If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." <u>Id.</u> at 484, 120 S.Ct. at 1038.

  B. *Failure to receive sentence stated in plea offer*

  The second claim appears to allege that counsel was ineffective when defendant was sentenced to a term of 51 months, instead of the 30 months that had been part of an earlier plea offer. Once again, defendant's assertions are contradicted by the evidence.

  Defendant changed his plea on December 8, 3008, the morning of trial. The government's plea offer of 30 months was made on June 10, 2008, and was valid through the date of the trial confirmation hearing, November 21, 2008. Transcript of

Proceedings, 21:14-17 (Government's Opposition, Exhibit 1). It included an anticipated three-level downward adjustment for "super-acceptance" of responsibility, U.S.S.G. § 3E1.1(b), as well as a downward departure for early disposition, also known as "fast track", U.S.S.G. § 5K3.1, both of which, combined, would have resulted in a low-end guideline sentence of 30 months. However, as was discussed at the hearing, defendant did not accept the plea offer by the date of the trial confirmation hearing, the time parameter set forth in the government's offer. In fact, the defendant confirmed for trial, requiring both the government and the court to engage in trial preparations. Transcript of Proceedings, 21:23 - 22:12. In light of this, the purposes of § 3E1.1(b) and § 5K3.1 were not met.[1]

Based on the evidence, counsel's actions were not objectively unreasonable. It is defendant's failure to accept the 30-month offer within the time frame it was open that resulted in his receipt of a higher 51-month sentence, *not* counsel's failure to communicate it. Moreover, despite the lateness of the plea, counsel zealously advocated for adherence to the 30-month sentence in the plea offer, pointing out that

---

[1] Section 3E1.1(b) rewards early pleas of guilty with a decrease from the offense level of one additional level when the defendant has timely notified authorities of his intention to plead guilty, "permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

Section 5K3.1 permits downward departures up to four levels pursuant to an Early Disposition Program.

5

defendant had a change of heart and signed the plea agreement four days after the trial confirmation hearing. Transcript of Proceedings, 18:3 - 20:13. Nor has defendant shown prejudice. To prevail on a claim of ineffective assistance of counsel *in the context of a guilty plea*, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Nowhere in his motion does defendant make such an assertion.

          C. *Failure to Communicate by telephone*

In the third claim defendant contends that his attorney never got in touch through the telephone and did not accept any of defendant's calls. This claim, like the others, fails for lack of evidence. First, no authority has been cited nor is the court aware of any which requires telephonic communication between attorney and client. Second, counsel's declaration states that it is his practice to visit clients personally in lieu of using the telephone. In this case, counsel states he visited the defendant on eight occasions. Declaration of Gilbert Roque, ¶¶ 7-8 (Government's Opposition, Exhibit 3).

Based on the foregoing, defendant has not shown either that his attorney's actions were unreasonable or that he was prejudiced by them.

///

///

## Conclusion

For the reasons stated above, defendant's motion to vacate, set aside or correct sentence is DENIED. The Clerk of Court is directed to close companion civil case CIV. NO. S-09-2266 EJG.

## Certificate of Appealability

Pursuant to recent Ninth Circuit authority, the district court addresses the issue of *certificate of appealability* as part of the ruling on the post-conviction motion. In a § 2255 proceeding, "an applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253( c )." Fed. R. App. P. 22(b). Such certification may issue "only if [defendant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b)(1).

For all of the reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right. A certificate of appealability will not issue.

IT IS SO ORDERED.

Dated: May 30, 2012            /s/ Edward J. Garcia

_____
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT